J-A15043-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUNIUS P. LEISURE II | : | |
| | : | |
| Appellant | : | No. 970 MDA 2024 |

Appeal from the PCRA Order Entered June 24, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0006046-2015

BEFORE: BOWES, J., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED: JULY 22, 2025**

Junius P. Leisure, II, appeals *pro se* from the order entered in the Court of Common Pleas of Lancaster County denying his serial petition for relief filed pursuant to the Post Conviction Relief ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Our review confirms Leisure has filed a patently untimely petition without pleading and proving an exception to the PCRA's timeliness requirement that would permit merits review. We affirm.

In **Commonwealth v. Leisure**, 281 A.3d 1061 (non-precedential decision) (Pa. Super. filed June 10, 2022), this Court reviewed Leisure's *pro se* collateral appeal from the lower court's order denying relief on his first PCRA petition. We set forth the relevant procedural history observing that on

_____

[*] Former Justice specially assigned to the Superior Court.

June 23, 2016, Leisure entered an **Alford** plea[1] to two counts of indecent assault – person less than 13 years of age and one count each of corruption of minors and unlawful contact with a minor. On that same date, after Leisure waived his right to defer sentencing until after the Sexual Offender Assessment Board ("SOAB") made its sexually violent predator ("SVP") assessment, the trial court sentenced Leisure to an aggregate term of three to 10 years' incarceration pursuant to the plea agreement, imposed $1,000.00 restitution, and directed Leisure to pay the costs of prosecution. Leisure did not file a direct appeal.[2] **Leisure**, at *1.

_____

[1] **See North Carolina v. Alford**, 400 U.S. 25 (1970). "[A] person entering an **Alford** plea claims innocence, but consents to the imposition of a prison sentence." **Commonwealth v. Pasture**, 107 A.3d 21, 23 n.1 (Pa. 2014).

[2] This Court determined that Leisure's judgment of sentence became final on Monday, July 25, 2016, the first business day after the expiration of 30 days from the date on which he received judgment of sentence. **See Leisure**, at *2. Leisure had argued his judgment of sentence was entered only after the SOAB designated him an SVP on October 12, 2016, at the conclusion of the sexual offender assessment hearing, meaning his judgment of sentence became final on November 11, 2016, making November 11, 2017, the date by which Leisure would have to file a PCRA petition to avoid the statutory time-bar. Regardless, **Leisure** correctly observed that under either calculation of time, the petition before it was patently untimely by over three years. **Leisure** at *2. However, **see Commonwealth v. Schrader**, 141 A.3d 558, 561 (Pa. Super. 2016) (holding that when a defendant waives a pre-sentence SVP determination, his judgment of sentence is not final until the SVP determination is rendered); **accord Commonwealth v. Serrani**, No. 1652 MDA 2024, 2025 WL 1769839, at *1 (non-precedential decision) (Pa. Super. filed June 26, 2025) (citing **Schrader** for the above proposition).

On October 26, 2020, Leisure filed his first PCRA petition. Court-appointed counsel did not file an amended PCRA petition but filed, instead, a motion to withdraw and a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) asserting that Leisure's petition was patently untimely and ineligible for a time-bar exception. The PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. After receiving Leisure's *pro se* amended petition and "supplemental pleading," the PCRA court entered an order granting counsel leave to withdraw and denying Leisure's PCRA petition as untimely filed. **Leisure** at *1.

Leisure filed a *pro se* appeal with this Court,[3] and we affirmed upon concluding the PCRA lacked jurisdiction to address the issues raised in Leisure's untimely petition. We explained that his petition failed to plead and prove any of the three statutory exceptions to the PCRA's time-bar provided in Section 9545(b)(1)(i-iii) and that, even if it had, he had not met his burden to prove he filed the petition within one year of the date the claim first could have been presented. **Leisure** at **2-3.[4]

---

[3] Once the [PCRA] court permits PCRA counsel to withdraw after filing a **Turner**/**Finley** 'no-merit' letter, an appellant is no longer entitled to the appointment of counsel on appeal." **Commonwealth v. Shaw**, 217 A.3d 265, 268 n.3 (Pa. Super. 2019) (citation omitted). **Accord Commonwealth v. Gibson**, 318 A.3d 927, 933 (Pa. Super. 2024).

[4] Relatedly, Leisure's *pro se* first petition raised what could be construed as an attempt to raise a government interference claim asserting that the trial
*(Footnote Continued Next Page)*

- 3 -

Specifically, we deemed meritless Leisure's newly-discovered fact argument because he "failed to identify any 'facts' that were unknown to him at the time or explain why he could not ascertain counsel's alleged deficiencies through the exercise of due diligence. In this regard, we incorporated the PCRA court's observation that,

> [a]ny facts underlying an ineffective assistance of counsel claim based on the alleged failure of trial counsel to file an appeal or to discuss appellate rights with Leisure would have been immediately known to Leisure, or at the very least would have been apparent within one year from the date the judgment of sentence was finalized.

*Leisure* at *3 (*quoting* PCRA Court Opinion, 12/13/21, at 9-10). Similarly, his attempt to assert a particular constitutional right exception to the statutory time-bar specified no such retroactively applicable right and failed to transcend a mere generic reference to such a right. *Id*. Leisure did not seek review by the Pennsylvania Supreme Court.

Almost two years later, on April 4, 2024, Leisure initiated the present PCRA matter by filing his self-styled "Petition for Leave to File a Direct Appeal *Nunc Pro Tunc*," the content of which led the lower court to deem it an untimely serial PCRA petition subject to the PCRA's timeliness requirements.

_____

court had blocked his ability to pursue a timely PCRA petition by denying his motion requesting the notes of testimony from his SVP hearing, which he maintained were necessary to pursue a timely PCRA petition. *Leisure*, at *2. This Court found on appeal, however, that because Leisure did not file his petition for transcripts until after the deadline for filing a timely PCRA petition had passed, even an immediate delivery of the requested transcripts could not have aided him in filing a timely appeal.

- 4 -

Consequently, the PCRA court entered an order dated June 24, 2024, dismissing Leisure's serial petition as untimely. This appeal followed.[5]

Leisure raises the following questions for this Court's consideration:

[1.] A defendant whose "SVP Hearing" occurs after sentencing can obviously appeal from that order regardless of whether it makes the it makes [sic] judgment of sentence final. However, the question remains whether the defendant who has other issues unrelated to his "SVP" status should await for his <u>post-sentence SVP Hearing final order</u> before filing his "Direct Appeal"?

[2.] When does the Appellant's judgment of sentence become final (30) days after the trial court imposed a term of incarceration or (30) days after the trial court classified the Appellant as an "SVP"[?]

*Pro Se* Brief of Appellant at 4.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported

---

[5] During the pendency of this appeal, Leisure has filed with this Court five applications for relief, four of which remain outstanding. His May 14, 2025, "Motion to Object," which complains that the Commonwealth's brief fails to address his request to vacate his SVP designation, is DENIED, as the party briefs speak for themselves on the issues raised before this Court. His May 14, 2025, "Application for Appointment of Counsel" is DENIED under well-established controlling authority holding a serial PCRA petitioner is not entitled to appointed counsel. His May 14, 2025, "Request for Clarification" seeking verification that this appeal is the one taken from the order denying his collateral challenge to his SVP designation is DENIED to the extent that the within memorandum decision clarifies that it addresses such appeal. Finally, Appellant's June 12, 2025, "Application to Vacate" seeking removal of his SVP designation for the Commonwealth's alleged failure to file a responsive brief in the present appeal is DENIED, as it is factually incorrect and otherwise is based on a flawed premise that the absence of an appellee's response relieves a PCRA appellant of their burden to establish that the PCRA court decision at issue was unsupported by the record and erroneous. ***See infra***.

by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007).

In the Brief of Appellant, Leisure raises a Pa.R.Crim.P. 704 challenge to the legality of his sentence by arguing that despite his counseled agreement to waive his right to defer the SVP determination and proceed with sentencing on the same day as the plea, the trial court failed to complete his sentence via the SVP designation within 90 days of his ***Alford*** plea in contravention of Rule 704.[6] He also contends that plea counsel's ineffective failure to advise him of options after he received his SVP designation denied him his right to a direct appeal, as he had no idea plea counsel would "abandon" him after the SVP hearing in derogation of his "obvious" wish to appeal his SVP designation. Both claims are cognizable under the PCRA and thus subject to its timeliness requirements. ***See Commonwealth v. Thomas***, --- A.3d ----, 2025 WL 1790221 (non-precedential decision) (June 30, 2025)[7] (citing

_____

[6] Pa.R.Crim.P. 704 provides, in relevant part:

> **Rule 704. Procedure at Time of Sentencing**
>
> **(A) Time for Sentencing.**
>
> (1) Except as provided by Rule 702(B), sentence in a court case shall ordinarily be imposed within 90 days of conviction or the entry of a plea of guilty or *nolo contendere*.

Pa.R.Crim.P. 704. The relevant comment to the rule explains,

[7] Under Pa.R.A.P. 126(b), we may cite and rely on non-precedential decisions filed after May 1, 2019, for their persuasive value.

*Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (noting that the legality of a sentence is always subject to review through a timely PCRA petition)).

The law provides that any request for relief filed after an appellant's judgment of sentence becomes final must be treated as a PCRA petition if the issue raised is cognizable under the PCRA. *Commonwealth v. Fantauzzi*, 275 A.3d 986, 994 (Pa. Super. 2022); *see also* 42 Pa.C.S. § 9542 (defining the PCRA as "the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis"). *Commonwealth v. Birdwell*, No. 2922 EDA 2024, 2025 WL 1693765, at *1 (non-precedential decision) (Pa. Super. Ct. June 17, 2025) (*citing Fantauzzi*). A claim that a petitioner is serving an illegal sentence claim is cognizable under the PCRA. *See* 42 Pa.C.S. § 9543(a)(2)(vii). *See Balance*, *supra*.

We therefore begin by addressing the timeliness of Leisure's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *See Commonwealth v. Brown*, 141 A.3d 491, 499 (Pa. Super. 2016); *see also Commonwealth v. Fantauzzi*, 275 A.3d 986, 994 (Pa. Super. 2022) ("if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief"). "As the timeliness of a PCRA petition is a question of law, our standard of review is *de novo*, and our scope of review is plenary." *Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted).

Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless the petitioner pleads and proves an exception to the time limitation. 42 Pa.C.S.A. § 9545(b)(1). The exceptions include:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id*. Additionally, any petition attempting to invoke one of these exceptions must "be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

The fact that "counsel failed to file a direct appeal and thereby denied an appellant his constitutional right to a direct appeal[ ] does not save an appellant's PCRA petition from the timeliness requirements of [s]ection 9545(b)." ***Commonwealth v. Carr***, 768 A.2d 1164, 1167 (Pa. Super. 2001) (internal citation omitted). Our decisional law is well-settled that a petitioner may not circumvent the PCRA's timeliness requirement when requesting a direct appeal *nunc pro tunc* "in the interests of justice." ***Commonwealth v. Young***, No. 567 EDA 2024, 2025 WL 733112, at *3 (Pa. Super. filed Mar. 7,

2025) (acknowledging a petitioner may not "seek restoration of his direct appeal rights outside of the aegis of the PCRA."

Here, Leisure's two enumerated issues coalesce to assign fault for his failure to file a post-sentence motion and a direct appeal to not only court-appointed post-trial counsel but also the trial court, the Commonwealth, and all actors involved in the proceedings culminating with this Court's 2022 decision that his judgment of sentence became final 30 days after the trial court imposed his June 23, 2016, term of incarceration rather than after the trial court's October 12, 2016, classification of him as an SVP. Leisure may not now prevail on this issue through a newly-discovered fact claim, as he previously raised and litigated it[8]—or at the very least knew of both the facts and law central to it—in his first PCRA petition and appeal.

The record confirms that Leisure was aware of the facts and law bearing on the present issue when he filed his amended first PCRA petition on October 26, 2020. Our 2022 decision in **Leisure** addressed his *pro se* position that, for purposes of discerning the date of the PCRA's one-year filing deadline in his case, the Court should recognize October 12, 2016, and not July 25, 2016, as the date on which his judgment of sentence was entered. **See Leisure** at *2. While we disagreed and found, in any event, that his petition would be

---

[8] A PCRA petitioner must plead and prove by a preponderance of the evidence, *inter alia*, that his "allegation of error has not been previously litigated or waived." 42 Pa.C.S.A. § 9543(a)(3). A claim is previously litigated if "the highest court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." 42 Pa.C.S.A. § 9544(a)(2).

patently untimely under either calculation, the discussion in **Leisure** shows that Leisure knew then both the facts and law he now relies upon to seek redress in the interests of justice for his failure to file a direct appeal.  For this reason, we find Leisure is incapable of satisfying the conditions necessary to qualify under a newly-discovered fact exception to the time-bar, the present issue previously litigated or, at the very least, incapable of satisfying the conditions necessary to qualify under a newly-discovered fact exception to the time-bar.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/22/2025